UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

CRAIG LARRY BEVIL, |
|
    Plaintiff, | Civil Action No. 0:11-00117-HRW
|
v. |
| **MEMORANDUM OPINION**
HARLEY LAPPIN, *et al.*, | **AND ORDER**
|
    Defendants. |

***** ***** ***** *****

Plaintiff Craig Larry Bevil, confined in the Federal Correctional Institution located in Ashland, Kentucky ("FCI-Ashland"), has filed a *pro se* civil rights complaint asserting constitutional claims under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). [D. E. No. 1].[1] Bevil filed a letter, [D. E. No. 7], supplementing his Complaint, and another letter, [D. E. No. 8], seeking the appointment of counsel.

Because Bevil has been granted *in forma pauperis* status, [R. 7], and because he asserts claims against government officials, the Court now screens his Complaint pursuant to 28 U.S.C. §§ 1915, 1915A, which require the dismissal of any claims that

---

[1]

Bevil named the following defendants: (1) Harley Lappin, Director of the Bureau of Prisons ("BOP"); (2) Eric Holder, United States Attorney General; (3) Newton Kendig, Assistant Director of the BOP; (4) Amanda Waugaman, Health Services Administrator ("HSA"), FCI-Ashland; and J.C. Holland, former Warden of FCI-Ashland.

are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from defendants who are immune from such relief. *Id.*; *see also McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997). For the reasons set forth below, Bevil's claims will be dismissed with prejudice for failure to state a claim upon which relief can be granted.

## ALLEGATIONS OF THE COMPLAINT

Bevil alleges that he suffers from a degenerative hip condition which causes him pain and discomfort; that he needs a hip replacement; that he is overweight and unable to exercise or lose weight on his own; that he needs the services of a dietician to help him lose weight; and that he is unable to sleep or use a breathing machine while sleeping. *See* Complaint, [D. E. No. 1, pp. 2-3]; Letter, [D. E. No. 7].

Bevil further complains about various conditions of his confinement at FCI-Ashland, *i.e.*, two flights of stairs leading to the medical department at FCI-Ashland; the lack of handicap hand rails in the bathroom stalls and showers; a 9" step-up barrier into the shower; and inadequate ventilation, which he claims makes it difficult for him to breathe. [D. E. No. 1, pp. 2-3]. Bevil alleges that these conditions violate the Americans with Disabilities Act, ("ADA"), 42 U.S.C. § 12103, *et seq*.

Bevil alleges that defendants have been deliberately indifferent to his serious medical conditions in violation of the Eighth Amendment, which prohibits cruel and

2

unusual punishment, and that the defendants have violated his right to due process of law, in violation of the Fifth Amendment of the United States Constitution.[2]   Bevil demands $250,000.00 in punitive damages and a transfer to a BOP medical facility, preferably the Federal Medical Center located in Butner, North Carolina, where he states that his sentencing judge recommended that he be confined.

## DISCUSSION
### 1. Official-Capacity Claims

To the extent that Bevil may be asserting his Fifth and Eighth Amendment claims against the defendants in their official capacities, the claims will be dismissed. A *Bivens* claim for damages may only be asserted only against individual federal employees in their individual capacities; it may not be asserted against federal officers in their official capacities. *Okoro v. Scibana*, 63 F. App'x 182, 184 (6th Cir. 2003); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991).

When damages are sought against federal employees in their official capacities, the damages in essence are sought against the United States, and such claims cannot be maintained. *Clay v. United States*, No. 05-CV-599-KKC, 2006 WL 2711750 (E.D. Ky. Sept. 21, 2006).   Bevil's construed official capacity claims against these

---

[2]   Bevil fully exhausted his claims through the BOP's administrative remedy process, 28 C.F.R. 542. 10-19. *See* Administrative Remedy Responses, (Warden, [D. E. No. 1-5, p. 5]; Mid-Atlantic Regional Office ("MARO"), [*Id.*, p. 8]; and Central Office, [*Id.*, p. 10]).

defendants will therefore be dismissed with prejudice for failure to state a claim upon which relief can be granted.  28 U.S.C. § 1915A(b)(1).

### 2.  Individual-Capacity Eighth Amendment Medical Claims

Bevil's Eighth Amendment individual capacity medical claims against former Warden J.C. Holland, HSA Wagaman, Assistant HSA Director Kendig, BOP Director Harley Lappin, and Attorney General Eric Holder, fail to state a claim upon which relief may be granted.

Bevil alleges that he needs a hip replacement and a dietician to work with him so that he can lose weight, and he complains about the allegedly inadequate medical treatment and advice he received from the FCI-Ashland medical staff with respect to his degenerative hip condition and other related ailments.  Bevil did not, however, name any medical personnel as defendants to this proceeding, but instead named as defendants four BOP administrative officials: J.C. Holland, former Warden; Amanda Waugaman, HSA; Newton Kendig, Assistant Director of the BOP; and Harley Lappin, Director of the BOP, and United States Attorney General Eric Holder, the highest ranking officer within the Department of Justice ("DOJ").

Because none of the named defendants are identified as, or alleged to be, medical professionals, *i.e.*, doctors, nurses, or physicians assistants, they could not and would not have been directly involved in the treatment of Bevil's medical

4

conditions. A plaintiff cannot establish the liability of a defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S.Ct. 598 (1976); *Mullins v. Hainesworth*, No. 95–3186, 1995 WL 559381 (6th Cir. September 20, 1995).

Numerous courts have dismissed prisoner Eighth Amendment medical claims against defendant Health Services Administrators, Wardens, and higher level BOP administrative officials because the defendants either were not medical professionals personally involved with the prisoners' medical treatment or they lacked authority to override the treating physician's decisions about the prisoners' medical treatment. *See Stewart v. Murphy*, 174 F.3d 530, 536 (5th Cir.1999); *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir.1995); *Warren v. Epps*, No. No. 2:10cv22–MTP, 2011 WL 3349829, at *6, (S.D. Miss. August 2, 2011); *McIntosh v. Beighley*, No. 2:08cv414–WTL, 2011 WL 1364208, at *3 (S.D. Ind. April 11, 2011); *Wagner, Jr. v. Wexford Medical Health Services*, No. 2:09cv28, 2010 WL 3395037, at *5 (N.D. W. Va. July 21, 2010).

Holland and Waugaman either hold, or held, supervisory positions at FCI-Ashland, and Kendig, Lappin, and Holder hold higher ranking supervisory positions within the BOP and/or DOJ. A prisoner cannot, however, assert a *Bivens* claim

5

against prison or administrative officials under the doctrine of *respondeat superior* merely because he or she holds a supervisory position. *See Ashcroft v. Iqbal*, 129 S.Ct. 1937 (2009); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-95, (1978); *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999); *aff'd*, 257 F. App'x 897 (6th Cir. 2007).

Bevil further stated that "All of my complaints (Inst. Remedys [sic]) to this Administration, Regional, Central Office, and to the B.O.P. Director, the Attorney General, the Asst. Director over Health Service Division has [sic] been denied." *See* Complaint, [D. E. No. 1, p. 2]. Clearly, Bevil's constitutional claims against the five named defendants are based on their denial of his administrative remedies demanding a specific type of medical treatment, but the mere denial of grievances is insufficient personal involvement for imposing liability on a prison administrative official. *Shehee v. Luttrell*, 199 F.3d at 300; *Alder v. Corr. Medical Services*, 73 F. App'x. 839, 841 (6th Cir. 2003); *Martin v. Harvey*, 14 F. App'x 307, 309-10 (6th Cir. 2001); *Bumstead v. Vasquez*, 6:11-CV-191-ART (E.D. Ky.) (*sua sponte* dismissing Eighth Amendment claims against BOP officials who denied prisoner's administrative grievances, *See* February 8, 2012, Order, [R. 9]). Bevil's Eighth Amendment claims alleging inadequate medical treatment will be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

6

### 3. Individual-Capacity Fifth Amendment Due Process Claims

To the extent that Bevil asserts Fifth Amendment due process claims based on the denial of his administrative remedies demanding a transfer to a BOP medical facility, those claims must also fail because prisoners have no inherent constitutional right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Overholt v. Unibase Data Entry, Inc.*, 221 F.3d 1335, 2000 WL 799760, at *3 (6th Cir. June 14, 2000) (Unpublished Table decision); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir.1991).

Further, Congress has vested the BOP with complete authority to determine the custody classification and security levels of federal inmates, direct their confinement in any available facility, and freely transfer them (or refuse to transfer them) from one facility to another. *See* 18 U.S.C. § 3621(b). The United States Supreme Court has established that transfers and prison assignments are functions wholly within the discretion of the BOP. *Olim v. Wakinekona*, 461 U.S. 238, 245 (1983); *Moody v. Daggett*, 429 U.S. 78, 88 n. 9, (1976); *Meachum v. Fano*, 427 U.S. 215, 225(1976). Thus, federal prisoners have no constitutional right either to be incarcerated in a particular facility, *Watkins v. Curtin*, No. 1:05-CV-267, 2005 WL 1189602, at *2 (W.D. Mich. May 19, 2005), or to be placed in a specific security classification, *Ford v. Harvey*, 106 F. App'x 397, 399 (6th Cir. 2004).

7

For these reasons, Bevil has no protected liberty interest in being transferred
to a BOP medical facility. Bevil's Fifth Amendment due process claims based on the
defendants' refusal to transfer him to a BOP medical facility will be dismissed for
failure to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

### 4. ADA Claims

Bevil alleges that the two flights of stairs leading to the FCI-Ashland medical
department, the lack of handicap hand rails in the bathroom stalls and showers, the
9" step-up barrier into the shower, and the allegedly inadequate ventilation violate the
ADA. To assert a claim under the ADA, the plaintiff must have been excluded from
the activities of a "public entity." A "public entity" is defined as "(A) any State or
local government; and (B) any department, agency, special purpose district, or other
instrumentality of a State or States or local government; ..."). 42 U.S.C. § 12131.

While the ADA clearly applies to state prisons, *Pennsylvania Dept. of
Corrections v. Yeskey*, 524 U.S. 206, 210 (1998), it does not apply to federal prisons
or federal entities, *Garcia v. United States*, No. 08-CV-02-JMH, 2008 WL 427575,
at *4 (E.D. Ky. February 12, 2008); *Van Over v. DeWalt*, No. 06-CV-192-JMH, No.
2007 956670, at *8 (E.D. Ky. March 28, 2007); *Crowder v. True*, No. 91-C 7427,
1993 WL 532455, *5 (N.D. Ill. December 21, 1993), *aff'd*, 74 F.3d 812 (7th Cir.
1995), or to individuals, *Miller v. King*, 384 F.3d 1248, 1276 (11th Cir.2004) ("the

plain language of the statute applies only to public entities, and not to individuals ....
the natural meaning of § 12132 is that liability extends only to public entities and not
to persons in their individual capacities."). FCI-Ashland is a federal prison, not a
state prison. Thus, Bevil has failed to state a claim for relief under the ADA.

### 5. Request for Appointment of Counsel

Because Bevil's claims under the ADA and the Fifth and Eighth Amendments
of the United States Constitution are being dismissed, his recent request for the
appointment of counsel, [D. E. No. 8], will be denied as moot.

### CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1)     Plaintiff Craig Larry Bevil's claims under 42 U.S.C. § 12103, *et seq.*,
the Americans with Disabilities Act, are **DISMISSED WITH PREJUDICE** for
failure to state a claim upon which relief can be granted;

(2)     Craig Larry Bevil's Fifth Amendment due process claims and his Eighth
Amendment medical claims alleged in the Complaint, [D. E. No. 1], and subsequent
letter, [D. E. No. 7], against Defendants BOP Director Harley Lappin, United States
Attorney General Eric Holder, Assistant BOP Director Newton Kendig, Health
Services Administrator Amanda Waugaman, and former FCI-Ashland Warden J.C.
Holland, are **DISMISSED WITH PREJUDICE** for failure to state a claim upon

9

which relief can be granted;

       (3)    Bevils' letter/construed motion seeking the appointment of counsel, [D.

E. No. 8], is **DENIED** as **MOOT**; and

       (4)    The Court will enter an appropriate Judgment.

This 23rd day of April, 2012.



Signed By:
Henry R. Wilhoit, Jr.
United States District Judge